# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. JONES,<br><br>  Plaintiff,<br><br>  v.<br><br>CORCORAN SUBSTANCE ABUSE<br>TREATMENT FACILITY II, et al.,<br><br>  Defendants. | Case No. CV 18-3023 AB (SS)<br><br>**MEMORANDUM DECISION AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

## I.

## INTRODUCTION

On April 3, 2018,[1] Plaintiff William J. Jones ("Plaintiff"), a California state prisoner proceeding pro se, constructively filed a civil rights complaint pursuant to 42 U.S.C. § 1983.

---

[1] The "mailbox rule" announced by the Supreme Court in Houston v. Lack, 487 U.S. 266 (1988), applies to § 1983 cases. See Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009). Pursuant to the mailbox rule, pro se prisoner legal filings are deemed filed on the date the prisoner delivers the document to prison officials for forwarding to the court clerk. Id. Here, the Complaint's Proof of Service indicates that Plaintiff sent the Complaint on April 3, 2018.

("Complaint," Dkt. No. 1 at 36). On May 21, 2018, because it appeared that Plaintiff previously had filed numerous meritless cases, the Court issued an Order To Show Cause Why This Court Should Not Deem Plaintiff A Vexatious Litigant. ("OSC," Dkt. No. 7). Plaintiff responded on June 4, 2018. (Dkt. No. 9). After reviewing the response, the Court vacated the OSC on July 12, 2018. (Dkt. Nos. 10). The Court granted Plaintiff's request for Leave to Proceed Without Prepayment of Filing Fee. (Dkt. No. 12).

The Court has screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A(a), which requires district courts to perform an initial screening of complaints in civil actions where a prisoner seeks redress from a governmental entity or employee. This Court may dismiss such a complaint, or any portion, before service of process if it concludes that the complaint (1) is frivolous or malicious, (2) fails to state a claim upon which relief can be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1-2); see also Lopez v. Smith, 203 F.3d 1122, 1126-27 & n.7 (9th Cir. 2000) (en banc). For the reasons stated below, the Court DISMISSES the Complaint with leave to amend.[2]

---

[2] A magistrate judge may dismiss a complaint with leave to amend without the approval of a district judge. See McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991) (finding that "the dismissal of a complaint with leave to amend is a non-dispositive matter"). Consistent with McKeever, the Court concludes that its Order Dismissing Complaint with Leave to Amend is a non-dispositive Order. However, pursuant to Federal Rule of Civil Procedure 72, if Plaintiff disagrees, he may file an objection with the District

**II.**

**ALLEGATIONS OF THE COMPLAINT**

Plaintiff sues thirteen Defendants: (1) Corcoran Substance Abuse Treatment Facility II ("the Facility"); (2) Warden Stu Sherman ("Sherman"); (3) Captain W. Cotter ("Cotter"); (4) Captain M Solario ("Solario"); (5) Lieutenant Ward ("Ward"); (6) Sergeant Leahy ("Leahy"); (7) Sergeant Roacha ("Roacha"); (8) Sergeant Ibarra ("Ibarra"); (9) Correctional Officer Coffman ("Coffman"); (10) Correctional Officer Cribbs ("Cribbs"); (11) Correctional Officer Heavener or Heavenly ("Heavener/ly"); (12) Correctional Officer Sasin ("Sasin"); and (13) Correctional Officer Reveles ("Reveles"). (Complaint at 2-7). Aside from the Facility, all Defendants are sued in both their individual and official capacities. (Id.).

The Complaint raises four claims. The first three concern allegations that Defendants took his property. Specifically, Claim 1 asserts that Plaintiff was deprived of his property in violation of the Fifth Amendment. (Id. at 8-20). In support of this claim, he alleges that when he went to pick up his property at Receiving and Release ("R&R") after being transferred to the Facility, Cribbs informed him that he had too much property. (Id. at 9). Cribbs gave him a box to store his property in, and Plaintiff was to send home or discard whatever did not fit. (Id.). When Plaintiff

---

Judge. See Bastidas v. Chappell, 791 F.3d 1155, 1162 (9th Cir. 2015).

complained that he was entitled to "one extra cubit [sic] foot of property," Cribbs, Coffman and Sasin "began to plunder Plaintiff's property." (Id. at 10). Later, Coffman removed Plaintiff's television, explaining that "this is a bubble T.V. it is not allowed here." (Id.). Coffman gave Plaintiff the option to send it home, donate it, or have it destroyed. (Id.). Plaintiff also alleges that Reveles and Sasin later stole a number of other items from him. (Id. at 14-15). In addition, Plaintiff alleges in Claim 1 that when Plaintiff complained, upon being transferred to the Facility, that he was not supposed to be housed in a dorm setting because he "had 58 points . . . [and] was a third-striker [with] life," Heavener/ly failed to respond and correct the mistake. (Id. at 8).

In Claim 2, Plaintiff asserts that he was deprived of his religious artifacts in violation of the First Amendment. (Id. at 21-25). He alleges that Coffman and Sasin confiscated Plaintiff's religious necklace, prayer rug, tallith and matching yarmulke, and Ibarra told him the necklace was "1/16 of an inch too big." (Id. at 11). Plaintiff was provided a form to send the confiscated property home. (Id.). When he attempted to send his property home with a "pre-paid bulk rate postage," however, Cribbs told him he could not "use postage stamps to send property home" because he needed "money on the books." (Id.).

In Claim 3, Plaintiff asserts that he was subject to an unreasonable search and seizure in violation of the Fourth

Amendment, based on the alleged actions described above. (Id. at 26-31).

In Claim 4, Plaintiff alleges that he was deprived of access to the court in violation of the Fourteenth Amendment. (Id. at 32-33). He claims that on June 28, 2018, Cribbs sent him a notice that his property would be destroyed if he "did not get funds put on it's books." (Id. at 12). In response, Plaintiff filed a California Department of Corrections and Rehabilitation ("CDCR") Form 602 to appeal the alleged mishandling of his property. (Id.). He alleges that he then conferred with Cotter, Ward and Leahy, who arranged for Plaintiff "to swap out [his] property." (Id. at 13). On July 29, 2018, when Plaintiff thought he was going to R&R to retrieve his property, he was refused service by Cribbs and Ibarra. (Id. at 12-13). Plaintiff states that he was provided a hearing for his CDCR Form 602 on August 2, 2017, but felt that Reveles "interrupted and muddied the waters with rhetoric that fell outside the scope of the issues at hand." (Id. at 14).

Plaintiff seeks $249,833.45 in compensatory damages ($215,000.00 against Defendants and $34,833.45 in property loss) and $1,000,000.00 in punitive damages. (Id. at 34-35).

## III.

## DISCUSSION

The Court must dismiss the Complaint pursuant to 28 U.S.C. § 1915A(b) because it violates Federal Rule of Civil Procedure 8,

among various other defects. However, because it is not "absolutely clear that the deficiencies of the complaint could not be cured by amendment," Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation and internal quotation marks omitted), the Court gives Plaintiff leave to amend his claims.

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)). Rule 8 may be violated when a pleading "says too little," and "when a pleading says too much." Knapp v. Hogan, 738 F.3d 1106, 1108 (9th Cir. 2013) (emphasis in original). However, the courts also have an obligation to give liberal construction to the filings of pro se litigants, especially when they are civil rights claims made by inmates. Blaisdell v. Frappiea, 729 F.3d 1237, 1241 (9th Cir. 2013); see also Erickson v. Pardus, 511 U.S. 89, 94 (2007) (per curiam).

The Complaint fails to comply with Rule 8 because its allegations are repetitive and excessive. Plaintiff continuously repeats irrelevant facts throughout the Complaint, including how "Plaintiff was not supposed to be in a dorm setting [because he] had 58 points." (Complaint at 8-9, 12-14). Although it may have been incorrect to house Plaintiff in a dorm setting, it has no apparent relevance to Plaintiff's constitutional rights under the

6

First, Fourth, Fifth and Fourteenth Amendments. To properly plead his claims, Plaintiff should only allege facts that are relevant and give rise to a § 1983 action, including that Defendants are acting under color of law, what their specific actions were, and how their actions directly violated his constitutional rights under the Eighth Amendment. Excessive, unnecessary and irrelevant allegations render the pleading confusing and violate Rule 8's requirement of a "short and plain statement of the claim." See, e.g., Knapp, 738 F.3d at 1108. In addition, because Plaintiff is not required to provide evidence supporting his claims at this stage of the litigation, it is unnecessary for him to attach extensive exhibits.

The Complaint also fails to comply with Rule 8 due to its unsupported conclusory allegations. Specifically, paragraphs 39 through 77 provide nothing more than a "formulaic recitation of the elements" of a § 1983 claim. (Complaint at 8, 17-33); Twombly, 550 U.S. at 555; Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Rule 8 . . . does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." (quoting Twombly, 550 U.S. at 555)).

Although the Complaint does provide specific allegations regarding the conduct of each listed Defendant, these fail to support any § 1983 claims. To establish a civil rights violation, a plaintiff must show either the defendant's direct, personal participation in the constitutional violation, or some sufficient causal connection between the defendant's conduct and the alleged

violation. See Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011). The Complaint's factual allegations do not show how Defendants personally violated any constitutional rights. For example, the Complaint's only reference to Heavener/ly is that he left Plaintiff to be housed in a dorm setting at the Facility and instructed Plaintiff that he would receive his property "later" because he had "to[o] many boxes." (Complaint at 8). Similarly, as to Cotter, Ward and Leahy, Plaintiff states merely that they met with Plaintiff and addressed his concerns by taking appropriate administrative measures to rectify the situation. (Id. at 13). The only mention of Solario, moreover, was that he informed Plaintiff that he was being transferred," affirming Plaintiff's own contention that he inappropriately housed. (Id. at 14). None of these allegations show violations of constitutional rights. Because the Complaint violates Rule 8, it is dismissed with leave to amend.

**IV.**

**CONCLUSION**

For the reasons stated above, the Complaint is dismissed with leave to amend. If Plaintiff still wishes to pursue this action, he is granted **thirty (30) days** from the date of this Memorandum and Order within which to file a First Amended Complaint. In any amended complaint, Plaintiff shall **cure the defects** described above. **Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the Complaint**. The First Amended Complaint, if any, shall be

complete in itself and shall not refer in any manner to the original Complaint. Its caption page shall bear the designation "First Amended Complaint" and the case number assigned to this action.

The First Amended Complaint should be short and concise. In any amended complaint, Plaintiff should confine his allegations to those operative facts supporting each of his claims. Plaintiff is advised that pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." **Plaintiff is strongly encouraged to utilize the standard civil rights complaint form when filing any amended complaint, a copy of which is attached.** In any amended complaint, Plaintiff should identify the nature of each separate legal claim and the Defendant (by name) against whom the claim is asserted, and make clear what specific factual allegations support each separate claim. Plaintiff is strongly encouraged to keep his statements concise and to omit irrelevant details. It is not necessary for Plaintiff to cite case law or include legal argument.

**Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint, or failure to correct the deficiencies described above, will result in a recommendation that this action be dismissed with prejudice for failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b). <u>Plaintiff is further advised that if he no longer wishes to pursue this action, he may voluntarily dismiss it by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure</u>**

**41(a)(1). A form Notice of Dismissal is attached for Plaintiffs' convenience. If Plaintiff utilizes the Notice of Dismissal, he is instructed to clearly state whether he is dismissing the entire action or only certain claims or certain Defendants.**

DATED: August 17, 2018

                                        /S/
                              SUZANNE H. SEGAL
                              UNITED STATES MAGISTRATE JUDGE

**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN LEXIS, WESTLAW OR ANY OTHER LEGAL DATABASE.**